UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



RECEIVED
AUG 01 2022
PRO SE OFFICE

| | |
|---|---|
| JOEL KOHN  and YISOCHER KAUFMAN, AS CO-TRUSTEES FOR N&K  TRUST and THE K&K TRUST, <br><br>     Plaintiff, <br><br>  -Against- <br><br>AHRON BERLIN, NATHAN KAUFMAN, ABCK  REALTY MANAGEMENT LLC and ABCNK1234 LLC, <br><br>     Defendants. | CASE NO.: <br><br>**CV 22- 4509** <br><br>**AZRACK, J.** <br><br>NOTICE OF REMOVAL <br>**SHIELDS, M.J.** |

**ORIGINAL**

NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, Pursuant to 28 U.S.C. §§ 155, 157, 1334 and 1452 and Rule

9027 of the Federal Rules of Bankruptcy Procedure, (the "Bankruptcy Rules"), Defendant

AHRON BERLIN hereby removes this action from the Supreme Court of the State of New

York, County of KINGS, captioned Kohn, et al. v Berlin, et al., Index 525127/2021 to the

United States District Court for the Eastern District of New York. Defendant states as follows:

1. On or about October 2022, plaintiff commenced an action in the Supreme Court of the

   State of New York, County of KINGS captioned Kohn, et al. v Berlin, et al., Index

   525127/2021 A true and correct copy of the complaint is attached as Exhibit 1

2. **The Bankruptcy Case**

3. On July 27, 2022, (the "Petition Date") Nathan Kaufman filed a voluntary petition for relief

   pursuant to chapter 13 of title 11 of the United States Code, the matter is pending in the

   Bankruptcy Court of the Eastern District of New York before Judge: Cecelia G. Morris under

   the caption In re Nathan Kaufman., No. 22-22490-cgm (Bankr. S.D.N.Y.).

REMOVAL PURSUANT TO 28 U.S.C. § 1452

4.  28 U.S.C. § 1452(a) provides: "A party may remove any claim or cause of action

    in a civil action other than a proceeding before the United States Tax Court or a civil action by

    a governmental unit to enforce such governmental unit's police or regulatory power, to the

    district count for the district where such civil action is pending, if such district court has

    jurisdiction of such claim or cause of action under section 1334 of this title."28 LES.C. §

    1334(b) provides that district courts have "original but not exclusive

5.  Additionally, Plaintiff State Court action raises federal claims over which this federal

    court has original jurisdiction:

6.  By way of example and not limitation a claim of racketeer-influenced or corrupt acts

    involving the commission of certain federal crimes pursuant to a criminal enterprise,

    which arises under the Racketeer Influenced and Corrupt Organizations Act (RICO),

    18 U.S.C. §§ 1961

7.  NOTARIAL MISCONDUCT pursuant to executive law § 135, NOTARY FRAUD,

    and SIGNATURES FORGERY SCHEME,

STATE COURT PLEADINGS.

8.  The file in the State Court Cases is voluminous and attached hereto is the dockets for

    the cases. Pleadings can be supplied and filed in paper or digital form as directed by the

    Court.

9.  Defendant will provide plaintiff with prompt written notice of the filing of this Notice

    of Removal as required by the rules and will file a copy of this Notice of Removal

with the Clerk of the Supreme Court of the State of New York, County of KINGS ,

where the complaint was originally filed.

Dated: August 1, 2022
       Monroe, New York

AHRON BERLIN

3 Liska Way, #101,
Monroe NY, 10950
347-254-3532
FAX100@GMAIL.COM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: 525127/2021

---------------------------------------------------------------- X
: 
JOEL KOHN and YISOCHER KAUFMAN, AS CO-    :
TRUSTEES FOR N&K TRUST and THE K&K        :
TRUST,                                     :
                                           :
                          Plaintiffs,      :       **VERIFIED ANSWER WITH**
                                           :       **AFFIRMATIVE DEFENSES**
              -against-                    :        **AND COUNTERCLAIMS**
                                           :
AHRON BERLIN, NATHAN KAUFMAN, ABCK        :
REALTY MANAGEMENT LLC and ABCNK1234       :
LLC,                                       :
                                           :
                          Defendants.      :
---------------------------------------------------------------- X

Defendants Ahron Berlin, ABCK Realty Management LLC and ABCNK1234 LLC ("Defendants"), by their attorneys, Storch Law, P.C., as and for its Verified Answer with Affirmative Defenses and Counterclaims herein, set forth the following:

1.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

2.    Defendants deny the allegations in paragraph 2.

3.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 3.

4.    Defendants deny the allegations in paragraph 4.

5.    Defendants admit the allegations in paragraph 5.

6.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7.    Defendants deny the allegations in paragraph 7.

8.    Defendants deny the allegations in paragraph 8.

9.    Defendants admit the allegations in paragraph 9.

1

Case 1:22-cv-07131-LTS    Document 1    Filed 08/01/22    Page 5 of 41
NYSCEF DOC. NO. 27
RECEIVED NYSCEF: 12/01/2021

10.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11.    Defendants admit the allegations in paragraph 11.

12.    Defendants admit the allegations in paragraph 12.

13.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 15.

16.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 16.

17.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19.    Defendants deny the allegations in paragraph 19.

20.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21.    Defendants deny the allegations in paragraph 21.

22.    Defendants deny the allegations in paragraph 22.

23.    Defendants deny the allegations in paragraph 23.

24.    Defendants deny knowledge or information sufficient to form a belief as to the

2

allegations in paragraph 24.

25. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 25.

26. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 26.

27. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 27.

28. Defendants admit the allegations in paragraph 28.

**First Cause of Action (Quiet Title v. ABCK Realty Management LLC)**

29. Defendants repeat and reallege the allegations in paragraph 29.

30. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 30.

31. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 31.

32. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants admit the allegations in paragraph 35 to the extent that ABCK Management Realty LLC claims an estate or interest in the property located at 5516 16th Avenue, Brooklyn, New York, but deny knowledge or information sufficient to form a belief as to the allegations in paragraph 35.

3

Case 1:22-cv-07131-LTS    Document 1    Filed 08/01/22    Page 7 of 41

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 41.

42.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

**Second Cause of Action (Quiet Title v. ABCNK1234 LLC)**

43.     Defendants repeat and reallege the allegations in paragraph 43.

44.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 44.

45.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 45.

46.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 46.

47.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants admit the allegations in paragraph 49 to the extent that ABCNK1234 LLC claims an estate or interest in the property located at 174 Broadway, Brooklyn, New York, but deny knowledge or information sufficient to form a belief as to the allegations in paragraph

4

49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 55.

56.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 56.

**Third Cause of Action (Fraud v. Ahron Berlin and Nathan Kaufman)**

57.     Defendants repeat and reallege the allegations in paragraph 57.

58.     Defendants admit the allegations in paragraph 58 to the extent that Berlin represented that he is a trustee of the Trusts but deny that the deeds are fraudulent.

59.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants admit the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

**Fourth Cause of Action (Fraud v. Ahron Berlin and Nathan Kaufman)**

65.     Defendants repeat and reallege the allegations in paragraph 65.

NYSCEF DOC. NO. 27                                                   RECEIVED NYSCEF: 12/01/2021

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants admit the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.


**Fifth Cause of Action (Unjust Enrichment v. All Defendants)**

72.     Defendants repeat and reallege the allegations in paragraph 72.

73.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

76.     Defendants deny the allegations in paragraph 76.

**Sixth Cause of Action (Unjust Enrichment v. All Defendants)**

77.     Defendants repeat and reallege the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants admit the allegations in paragraph 79.

80.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

6

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

87.     Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

88.     Plaintiffs' claims are barred in whole or in part because no contractual relationship existed.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

89.     Plaintiffs' claims are barred in whole or in part due to lack of consideration.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

90.     Plaintiffs' claims are barred in whole or in part because Plaintiff has sustained no actual damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

91.     Plaintiffs' claims are barred in whole or in part because the relief sought would result in Plaintiff's unjust enrichment.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

92.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

93.     Plaintiffs' claims are barred in whole or in part because of Plaintiff's failure to mitigate its damages, if any.

7

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

94. Plaintiffs' claims are barred in whole or in part because the N&K Trust and K&K Trust Agreements (the "Fraudulent Trust Agreements") proffered by Plaintiffs are fraudulent.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

95. Plaintiffs' claims are barred in whole or in part because of Plaintiffs' fraudulent activity against one or more Defendants, including Defendant Nathan Kaufman.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

96. Plaintiffs' claims are barred in whole or in part because of collateral estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

97. Plaintiffs' claims are barred in whole or in part because Plaintiffs' lack standing in this action.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

98. Plaintiffs' claims are barred in whole or in part because of Plaintiffs' waiver.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

99. Plaintiffs' claims are barred in whole or in part because of Plaintiffs' own culpable conduct.

100. In the event that the Court issues a judgment in favor of Plaintiffs, Defendants are entitled to a set-off.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

101. Plaintiffs' claims are barred in whole or in part due to EPTL § 7-1.17.

8

FILED: KINGS COUNTY CLERK 12/01/2021 03:59 PM   INDEX NO. 525127/2021
NYSCEF DOC. NO. 27                                           RECEIVED NYSCEF: 12/01/2021

## FACTS RELATING TO COUNTERCLAIMS

102.   In or about June 2014, Defendant Nathan Kaufman ("Defendant Kaufman") created the N&K Trust known as the N&K Revocable Living Trust (the "N&K Trust").

103.   The N&K Trust Agreement signed by Defendant Nathan Kaufman ("Defendant Kaufman") made the N&K Trust revoacable.

104.   In or about June 2014, Defendant Kaufman created the K&K Trust known as the N&K Revocable Living Trust (the "K&K Trust") (collectively, the "Trusts").

105.   The K&K Trust Agreement signed by Defendant Nathan Kaufman ("Defendant Kaufman") made the K&K Trust revoacable

106.   Defendant Kaufman is the grantor of the Trusts.

107.   The Trusts are not the same as the Fraudulent Trust Agreements.

108.   The N&K Trust is pursuant to a revocable agreement.

109.   The K&K Trust is pursuant to a revocable agreement.

110.   Defendant Kaufman had issues understanding the mechanics of the Trusts.

111.   Defendant Kaufman has issues understanding and reading English.

112.   Trusting his son, Defendant Kaufman agreed to make his son, Yisocher Kaufman ("Plaintiff Kaufman"), a successor trustee of the N&K Trust.

113.   Defendant Kaufman did not make Joel Kohn a trustee or successor trustee of the N&K Trust.

114.   Kaufman relied on Plaintiff Kaufman to his detriment.

115.   Trusting his son, Defendant Kaufman agreed to make his son, Yisocher Kaufman ("Plaintiff Kaufman"), a successor trustee of the K&K Trust.

9

Case 1:22-cv-07131-LTS    Document 1    Filed 08/01/22    Page 13 of 41

116.    Defendant Kaufman did not make Joel Kohn a trustee or successor trustee of the K&K Trust.

117.    Defendant Kaufman relied on Plaintiff Kaufman to his detriment.

118.    In or about June 2014, Plaintiffs created the Fraudulent Trust Agreements.

119.    Plaintiffs made themselves the trustees of the Trusts pursuant to the Fraudulent Trust Agreements.

120.    Plaintiffs made a Moshe Schwartz a/k/a MC Schwartz, LLC a grantor of the K&K Trust.

121.    Plaintiffs made fraudulent agreements that made the Trusts irrevocable.

122.    Defendant Kaufman did not sign the Fraudulent Trust Agreements.

123.    Plaintiffs had the Fraudulent Trusts "notarized" by a notary that did not see Kaufman.

124.    The alleged notary is Israel Klein.

125.    The notary did not even add his stamp to the Fraudulent Trust Agreements on the same day as the Fraudulent Trust Agreements were dated and "signed".

126.    The notarization acknowledgment on the K&K Trust, stating that Israel Klein witnessed Defendant Kaufman sign the K&K Trust, was made 9 days before the date of the Fraudulent Trust Agreement of the K&K Trust.

127.    In October 2014, Defendant Kaufman had transferred the deed of the premises located at 5516 16th Avenue, Brooklyn, New York ("5516 Premises") to N&K Trust.

128.    Said N&K Trust was to the trust created by Defendant Kaufman.

129.    Said N&K Trust is pursuant to the revocable trust agreement.

10

130.   In October 2014, Kaufman had transferred the deed of the premises located at 174 Broadway, Brooklyn, New York ("Broadway Premises") to K&K Trust.

131.   Said K&K Trust was to the trust created by Defendant Kaufman.

132.   Said K&K Trust is pursuant to the revocable trust agreement.

133.   The Plaintiffs acted as if the 5516 Premises and Broadway Premises (collectively, the "Trust Properties") were owned by the Trusts pursuant to the Fraudulent Trust Agreements.

134.   The Plaintiffs do not own the 5516 Premises or the Broadway Premises.

135.   In or about late 2014, Plaintiff Kaufman and his father, Defendant Kaufman, among others, went to a beth din.

136.   One of the issues in the arbitration proceeding was ownership of the Trust Properties.

137.   The beth din proceeding is considered arbitration.

138.   In or about 2015, the beth din issued a decision, which provided, in pertinent part,

   a.   No one has the right to make use of Defendant Kaufman's money and Trust Properties without the explicit permission of Defendant Kaufman;

   b.   If someone withdrew money without Defendant Kaufman's explicit permission, he must return all of the money to Defendant Kaufman;

   c.   Plaintiffs must notify Defendant Kaufman about any money which they already withdrew from the properties and account for where that money is;

   d.   If Plaintiffs profited from said money, Plaintiffs must account for the profits and notify Defendant Kaufman;

   e.   Plaintiffs are not allowed to do anything with the properties; not even paying off debts owed by Defendant Kaufman, without his explicit permission;

11

     f.  Plaintiffs must reimburse Defendant Kaufman for any monetary loss as a result of an unauthorized expense;

     g.  If someone withdrew money from the properties of Defendant Kaufman and purchased other assets with it, Defendant Kaufman shall then be a full partner within all those assets proportional to the money invested from Defendant Kaufman's properties;

     h.  If someone withdrew money and did not produce a profit, he must calculate the amount of interest he should have paid and reimburse Defendant Kaufman for whatever loss Defendant Kaufman incurred.

139.    In 2019, the Beth Din re-affirmed its Decision by adding an addendum to the bottom of the Decision to that effect.

140.    In or about May 2016, Plaintiffs took out a loan from Arbor Commercial Mortgage LLC in an amount totaling $2,000,000.00.

141.    The loan was taken out pursuant to the Fraudulent K&K Trust Agreement.

142.    Plaintiffs were not authorized to take out the loan.

143.    Defendant Kaufman did not agree to the loan being taken out.

144.    Plaintiffs put the mortgage upon the Broadway Premises.

145.    Upon information and belief, Plaintiffs benefited from the loan.

146.    Upon information and belief, none of the loan proceeds benefitted the Trusts.

147.    Upon information and belief, none of the loan proceeds benefitted Defendant Kaufman.

12

148.    In early 2021, Defendant Kaufman realized that the Plaintiffs intended on transferring or otherwise using the 5516 Premises and/or Broadway Premises or seeking a mortgage on either of the Premises.

149.    Defendant Kaufman wished to protect his assets from Plaintiffs.

150.    In early 2021, Defendant Kaufman approached Defendant Berlin ("Berlin") and asked for guidance in safeguarding the 5516 Premises and Broadway Premises.

151.    Berlin told Defendant Kaufman that he would assist Defendant Kaufman if Defendant Kaufman made him a trustee of the Trusts.

152.    Defendant Kaufman amended the Trusts.

153.    Defendant Kaufman made Berlin trustee of the Trusts.

154.    Defendant Kaufman was authorized to make Berlin a trustee of the Trusts.

155.    Berlin was authorized by Defendant Kaufman to safeguard the properties.

156.    On or about July 26, 2021, Berlin transferred the deed to the Broadway Premises to ABCNK1234 LLC.

157.    Berlin transferred the Broadway Premises with Defendant Kaufman's permission.

158.    The transfer of the Broadway Premises to ABCNK1234 LLC was proper.

159.    Berlin has not absconded with the Broadway Premises.

160.    Berlin is holding the Broadway Premises away from the Plaintiffs' prying hands.

161.    On or about July 17, 2021, Berlin transferred the deed to the 5516 Premises to ABCK Realty Management LLC.

162.    Berlin transferred the 5516 Premises with Defendant Kaufman's permission.

163.    The transfer of the 5516 Premises to ABCK Realty Management LLC was proper.

164.    Berlin has not absconded with the 5516 Premises.

13

165.   Berlin is holding the 5516 Premises away from the Plaintiffs' prying hands.

166.   On or about July 2, 2021, Mr. Schwartz sent an email to Berlin stating that, "they all did *tshiva[1]*, and want to give back everything, the *shver[2]* only needs to bring any name that the building can be written over to (anyone the *shver* wants), and it's a done deal. If the *shver* is willing to look only forward, both buildings can be written over to any name the *shver* chooses."

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM
### (Quiet Title Relating to the Broadway Premises)

167.   Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 166 with the same force and effect as if fully set forth herein at length.

168.   This cause of action is brought pursuant to Article 15 of the Real Property Actions and Proceeding Law.

169.   No plaintiff is unknown, and no plaintiff is or might be an infant, mentally retarded, mentally ill, or an alcohol abuser.

170.   The judgment will not affect a person or persons not in being or ascertained at the commencement of the action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved.

171.   Every person in being who would have been entitled to such estate or interest if such event had happened immediately before the commencement of the action is named as a party hereto.

172.   In October 2014, the Broadway Premises was transferred to K&K Trust.

---

[1] A Hebrew word meaning repentance.

[2] A Yiddish word meaning father-in-law. In this case, the reference is to Defendant Kaufman.

14

173.   In October 2014, the 5516 Premises was transferred to N&K Trust.

174.   Defendant Kaufman is the grantor of both Trusts.

175.   In 2021, Defendant Kaufman amended the Trusts to make Berlin the trustee of the Trusts.

176.   As trustee, with full permission from Defendant Kaufman, Berlin transferred the 5516 Premises to ABCK Realty Management LLC.

177.   As trustee, with full permission from Defendant Kaufman, Berlin transferred the Broadway Premises to ABCNK1234 LLC.

178.   By reason of the foregoing, Defendants are entitled to a judgment that Plaintiffs are barred from any estate or interest in the Broadway Premises which ABCNK1234 LLC ever had, claimed or may claim in the Broadway Premises or in any party thereof, and any and all liens and encumbrances which ever existed, were claims or may be claimed in favor of Plaintiffs, including the estates and interests claimed or which may be claimed by Plaintiffs by virtue of the Fraudulent Trust Agreements, are void ab initio, and invalid as against the interest of ABCNK1234 LLC which it now owns and holds in the Broadway Premises.

179.   Unless a declaratory judgment is rendered by the Court determining the respective rights and interests of the parties, ABCNK1234 LLC will be adversely affected, and ABCNK1234 LLC shall continue to suffer damages as a result.

180.   By reason of the foregoing, Defendants request and is entitled to a declaratory judgment that Plaintiffs have no right, title, claim, lien, mortgage or interest in the Broadway Premises whatsoever, at law or at equity, and that ABCNK1234 LLC is the owner of the Broadway Premises in fee simple absolute, free and clear of any claims which Plaintiffs may

15

have to an ownership interest, lien interest, mortgage interest, or any other interest in the Broadway Premises.

181.    A justiciable controversy exists between the parties.

182.    Defendants have no adequate remedy at law.

183.    No previous application for the relief requested herein has been made to this or any other Court.


### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM
#### (Quiet Title Relating to the 5516 Premises)

184.    Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 183 with the same force and effect as if fully set forth herein at length.

185.    This cause of action is brought pursuant to Article 15 of the Real Property Actions and Proceeding Law.

186.    No plaintiff is unknown, and no plaintiff is or might be an infant, mentally retarded, mentally ill, or an alcohol abuser.

187.    The judgment will not affect a person or persons not in being or ascertained at the commencement of the action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved.

188.    Every person in being who would have been entitled to such estate or interest if such event had happened immediately before the commencement of the action is named as a party hereto.

189.    In October 2014, the Broadway Premises was transferred to K&K Trust.

16

FILED: KINGS COUNTY CLERK 12/01/2021 03:59 PM    INDEX NO. 525127/2021
NYSCEF DOC. NO. 27                                RECEIVED NYSCEF: 12/01/2021

190. In October 2014, the 5516 Premises was transferred to N&K Trust.

191. Defendant Kaufman is the grantor of both Trusts.

192. In 2021, Defendant Kaufman amended the Trusts to make Berlin the trustee of the Trusts.

193. As trustee, with full permission from Defendant Kaufman, Berlin transferred the 5516 Premises to ABCK Realty Management LLC.

194. As trustee, with full permission from Defendant Kaufman, Berlin transferred the Broadway Premises to ABCNK1234 LLC.

195. By reason of the foregoing, Defendants are entitled to a judgment that Plaintiffs are barred from any estate or interest in the 5516 Premises which ABCK Realty Management LLC ever had, claimed or may claim in the 5516 Premises or in any party thereof, and any and all liens and encumbrances which ever existed, were claims or may be claimed in favor of Plaintiffs, including the estates and interests claimed or which may be claimed by Plaintiffs by virtue of the Fraudulent Trust Agreements, are void ab initio, and invalid as against the interest of ABCK Realty Management LLC which it now owns and holds in the 5516 Premises.

196. Unless a declaratory judgment is rendered by the Court determining the respective rights and interests of the parties, ABCK Realty Management LLC will be adversely affected, and ABCK Realty Management LLC shall continue to suffer damages as a result.

197. By reason of the foregoing, Defendants request and is entitled to a declaratory judgment that Plaintiffs have no right, title, claim, lien, mortgage or interest in the 5516 Premises whatsoever, at law or at equity, and that ABCK Realty Management LLC is the owner of the 5516 Premises in fee simple absolute, free and clear of any claims which Plaintiffs may have to an ownership interest, lien interest, mortgage interest, or any other interest in the 5516 Premises.

17

198.   A justiciable controversy exists between the parties.

199.   Defendants have no adequate remedy at law.

200.   No previous application for the relief requested herein has been made to this or any other Court.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE AND THIRD COUNTERCLAIM
#### (Breach of Fiduciary Duty)

201.   Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 200 with the same force and effect as if fully set forth herein at length.

202.   As a successor trustee to the Trusts, Plaintiff Kaufman had a fiduciary duty to the N&K Trust.

203.   As a successor trustee to the Trusts, Plaintiff Kaufman had a fiduciary duty to the K&K Trust.

204.   Plaintiff Kaufman has a fiduciary duty to Defendant Kaufman, the grantor.

205.   Plaintiff Kaufman has a fiduciary duty to Defendant Berlin as a trustee of the Trusts.

206.   Plaintiffs have attempted to misappropriate the Trust Properties for their own profit.

207.   Plaintiffs are attempting to misappropriate the Trust Properties for their own profit.

208.   Plaintiffs have already taken out a loan in 2016, mortgaging the Broadway Premises.

209.   The mortgage against the Broadway Premises has caused damage to the Defendants.

18

FILED: KINGS COUNTY CLERK 12/01/2021 03:59 PM          INDEX NO. 525127/2021
NYSCEF DOC. NO. 27                                      RECEIVED NYSCEF: 12/01/2021

210.    As a result of the foregoing, Defendants have been damaged by Plaintiffs in an amount to be determined at trial.

211.    The Court should also order punitive damages and costs as against Plaintiffs and in favor of Defendants.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE AND FOURTH COUNTERCLAIM
### (Declaratory Judgment)

212.    Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 211 with the same force and effect as if fully set forth herein at length.

213.    A justiciable controversy exists relating to ownership of the Trust Properties.

214.    A justiciable controversy exists relating to the loan taken by Plaintiffs.

215.    A justiciable controversy exists relating to the mortgage by Plaintiffs on the Broadway Premises.

216.    The Trust Properties do not belong to Plaintiffs.

217.    Defendants seek a declaration that the Plaintiffs had no right to take a loan and encumber the Trust Properties.

218.    Defendants do not have an adequate remedy at law other than seeking declaratory relief.

219.    Based on the foregoing, the Court should grant a declaratory judgment to Defendants that Plaintiffs had no right to take a loan and encumber the Trust Properties and that the mortgage encumbering the Broadway Premises is of no effect and null and void.

19

Case 1:22-cv-07131-LTS   Document 1   Filed 08/01/22   Page 23 of 41

**WHEREFORE**, Defendants Ahron Berlin, ABCK Realty Management LLC, and ABCNK1234 LLC demand judgment against Plaintiff:

    a. Dismissing the Complaint with prejudice and denying each and every request for relief set forth therein;

    b. On their First Counterclaim, declaring that Plaintiffs do not own the Trust Properties and that ABCNK1234 LLC owns the Broadway Premises;

    c. On their Second Counterclaim, declaring that Plaintiffs do not own the Trust Properties and that ABCK Realty Management owns the 5516 Premises;

    d. On their Third Counterclaim, awarding Defendants damages in an amount to be determined at trial, as well as punitive damages and costs;

    e. On their Fourth Counterclaim, declaring that Plaintiffs had no right to take a loan and encumber the Trust Properties and that the mortgage encumbering the Broadway Premises is of no effect and null and void *ab initio*;

    f. Awarding Defendants the costs, disbursements, and legal fees of this action; and

    g. Granting Defendants such other and further relief as the Court may deem just and equitable.

Dated:    Brooklyn, New York
            December 1, 2021

                                **STORCH LAW, P.C.**

                        By:      /s/ Binyomin Z. Bendet
                                 Binyomin Z. Bendet, Esq.
                                 *Attorneys for Defendants*
                                  *Ahron Berlin, ABCK Realty*
                               *Management LLC, and ABCNK1234 LLC*
                               26 Court Street, Suite 1200
                               Brooklyn, NY 11242
                               (718) 404-9101

20

NYSCEF DOC. NO. 27

INDEX NO. 525127/2021

RECEIVED NYSCEF: 12/01/2021

To:   Rosenberg & Steinmetz PC
Rachelle Rosenberg, Esq.
*Attorneys for Plaintiffs*
181 S. Franklin Avenue, Suite 604
Valley Stream, New York 11581
(212) 743-9904

21

## VERIFICATION

State of       NEW YORK   )
                             ) ss:
County of      KINGS     )

AHRON BERLIN, being duly sworn or affirmed, deposes and says:

I am a Defendant herein. I have read the forgoing VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS and know the contents thereof to be true to my own knowledge except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

 

Ahron Berlin

Sworn or affirmed to before me this
____ day of December, 2021.

Notary Public

21

FILED: KINGS COUNTY CLERK 10/04/2021 01:41 PM
NYSCEF DOC. NO. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
JOEL KOHN and YISOCHER KAUFMAN
AS CO-TRUSTEES FOR N&K TRUST and THE K&K
TRUST,

                Plaintiffs

      -against

AHRON BERLIN, NATHAN KAUFMAN,
ABCK REALTY MANAGEMENT LLC, and
ABCNK1234 LLC

                Defendants.
-------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiffs designate Kings County as the place of trial. Venue is based upon the location of the real properties, which are the subject of this action.

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the attached Verified Complaint in this action and to serve a copy of your Answer, or, if the Verified Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiffs within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

    This is an action for *inter alia*, quiet title and fraudulent deed transfer.

Dated:  Valley Stream, New York
       October 4, 2021

                    ROSENBERG & STEINMETZ PC
                    *Attorneys for Plaintiffs*

                By: _____
                    Rachelle Rosenberg
                    Efraim S. Lipschutz
                    181 S Franklin Avenue, Suite 604
                    Valley Stream, New York 11581
                    Tel. (212) 743-9904

1

FILED: KINGS COUNTY CLERK 10/04/2021 01:41 PM
NYSCEF DOC. NO. 1

INDEX NO. 525127/2021
RECEIVED NYSCEF: 10/04/2021

To:

Ahron Berlin
1909 New York Avenue, Brooklyn, NY
11210 Brooklyn, NY 11210

Nathan Kaufman
203 Wilson Street
Brooklyn, NY 11211

ABCNK1234 LLC
1909 New York Avenue, Brooklyn, NY 11210

ABCK Realty Management LLC
1909 New York Avenue, Brooklyn, NY 11210

2

FILED: KINGS COUNTY CLERK 10/04/2021 01:41 PM    INDEX NO. 525127/2021
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/04/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
JOEL KOHN and YISOCHER KAUFMAN
AS CO-TRUSTEES FOR N&K TRUST and THE K&K
TRUST,

                     Plaintiffs

        -against-

AHRON BERLIN, NATHAN KAUFMAN,
ABCK REALTY MANAGEMENT LLC, and
ABCNK1234 LLC

                     Defendants.
-------------------------------------------------------------------X

Index No.:

VERIFIED COMPLAINT

Plaintiffs Joel Kohn ("Kohn") and Yisocher Kaufman (together "Plaintiffs" or the "Trustees"), as Co-Trustees for N&K Trust ("N&K Trust") and The K&K Trust ("K&K Trust" together with the N&K Trust, the "Trusts") by and through their undersigned attorneys, allege, for their verified complaint against Defendants Ahron Berlin ("Berlin"), Nathan Kaufman, ABCK Realty Management LLC ("ABCK"), ABCNK1234 LLC ("ABCNK") (collectively "Defendants") upon information and belief as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to RPAPL Article 15 and the general equitable powers of this Court, seeking a judicial declaration and voiding certain deeds that were recorded and which purportedly transferred the property known as 5516 16th Avenue, Brooklyn, New York 11204, designated as Block 5488, Lot 44, County of Kings (the "5516 Property") and the property known as 174 Broadway, Brooklyn, New York 11211, designated as Block 2132, Lot 20, County of Kings (the "174 Property" together with the 5516 Property, the "Trust Properties").

2.     The Trusts are irrevocable, and Plaintiffs have always been the only trustees.

3.     The Trusts were not amended.

4.     Despite this, defendant Berlin, claiming to be a trustee of the Trusts, executed

1

FILED: KINGS COUNTY CLERK 10/04/2021 01:41 PM    INDEX NO. 525127/2021
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 10/04/2021

fraudulent deeds for no consideration and transferred the Trust Properties from the Trusts to ABCK and ABCNK, both companies he claimed to be a member of.

5.    Defendant Berlin and defendant Nathan Kaufman are attempting to collect rent from tenants at the Trust Properties.

6.    Plaintiffs bring this action *inter alia* for quiet title and to have the fraudulent deeds removed of record from the Kings County Clerk's register.

## PARTIES

7.    Plaintiff Joel Kohn is a co-trustee of the Trusts and resides in the State of New York, County of Kings.

8.    Yisocher Kaufman is a co-trustee of the Trusts and resides in the State of New York, County of Kings.

9.    Defendant Ahron Berlin is an individual residing in the State of New York, County of Kings.

10.    Defendant Nathan Kaufman is an individual residing in the State of New York, County of Kings.

11.    Defendant ABCK Realty Management LLC is New York limited liability company with offices in the State of New York, County of Kings.

12.    Defendant ABCNK1234 LLC is New York limited liability company with offices in the State of New York, County of Kings.

## FACTUAL BACKGROUND

13.    On or about June 2, 2014, N&K Trust was created by Nutta Realty Corp./Nathan Kaufman, as Grantor, as an irrevocable trust, naming Joel Kohn and Yisocher Kaufman as the only trustees.

2

Case 1:22-cv-07131-LTS    Document 1    Filed 08/01/22    Page 30 of 41

14.     On or about June 19, 2014, K&K Trust was created by MC Schwartz/Moshe Schwartz, as Grantor, as an irrevocable trust, naming Joel Kohn and Yisoscher Kaufman as the only trustees.

15.     Joel Kohn is a beneficiary of the Trusts together with Nathan Kaufman's children.

16.     Pursuant to the Trust Agreements, the Trusts cannot be amended, and no additional trustees can be added.

17.     On or about October 7, 2014, the Grantor of N&K Trust transferred the 5516 Property to the N&K Trust.

18.     On or about October 7, 2014, the Grantor of the K&K Trust transferred the 174 Property to the K&K Trust.

19.     To date, the Trusts have not been amended and Plaintiffs remain as the only trustees.

20.     Neither of the Trustees have resigned as trustee for the Trusts.

21.     On or about July 17, 2021, Berlin, claiming to be a co-trustee of the N&K Trust, executed a fraudulent deed for zero consideration, transferring the 5516 Property from N&K Trust to ABCK (the "5516 Fraudulent Deed").

22.     On or about July 26, 2021, Berlin, claiming to be a co-trustee of the K&K Trust, executed a fraudulent deed for zero consideration, transferring the 174 Property from the K&K Trust to ABCNK (the "174 Fraudulent Deed" together with the 5516 Fraudulent Deed, the "Fraudulent Deeds").

23.     Berlin also claimed to be the member of ABCK and ABCNK thus fraudulently transferring both properties to his own companies.

24.     Berlin is not a trustee of either of the Trusts.

25. Neither of the Trusts have been amended to appoint Berlin as a trustee.

26. The Trustees did not grant authority or permission to Berlin to transfer deeds of the 5516 and 174 Property to ABCK or ABCNK.

27. Defendant Nathan Kaufman is holding himself out as a member or principal of ABCK and ABCNK.

28. Nathan Kaufman has sent letters to the tenants of the 174 Property and likely the 5516 Property claiming to be the landlord of the 5516 and 174 Property and asking tenants to send rent to Defendants.

## FIRST CAUSE OF ACTION
## (QUIET TITLE as against ABCK REALTY MANAGEMENT LLC)

29. Plaintiffs repeats and reallege each of the allegations set forth in each preceding paragraph, as if fully set forth herein.

30. This cause of action is brought pursuant to Article 15 of the Real Property Actions and Proceeding Law.

31. No defendant is unknown, and no defendant is or might be an infant, mentally retarded, mentally ill or an alcohol abuser.

32. The judgment will not affect a person or persons not in being or ascertained at the commencement of the action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved.

33. Every person in being who would have been entitled to such estate or interest if such event had happened immediately before the commencement of the action is named as a party hereto.

34. ABCK has claimed an estate, interest and/or right to the 5516 Property by the 5516 Fraudulent Deed.

4

35.   ABCK claims an estate or interest in the 5516 Property adverse to that of the N&K Trust, by the Trustees.

36.   ABCK claims to be the owner of the 5516 Property pursuant to the 5516 Fraudulent Deed.

37.   The N&K Trust maintains ownership interest by fee simple absolute in the 5516 Property.

38.   By reason of the foregoing, Plaintiffs are entitled to judgment that ABCK is barred from any estate or interest in the 5516 Property which ABCK ever had, claimed or may claim in the 5516 Property or in any party thereof, and any and all liens and encumbrances which ever existed, were claims or may be claimed in favor of ABCK, including the estates and interests claimed or which may be claimed by ABCK by virtue of the 5516 Fraudulent Deed, are void ab initio, and invalid as against the interest of N&K Trust which it now owns and holds in the 5516 Property.

39.   Unless a declaratory judgment is rendered by the Court determining the respective rights and interests of the parties, N&K Trust will be adversely affected, and N&K Trust shall continue to suffer damages as a result.

40.   By reason of the foregoing, Plaintiffs, the Trustees of the N&K Trust, request and are entitled to a declaratory judgment that ABCK has no right, title, claim, lien, mortgage or interest in the 5516 Property whatsoever, at law or at equity, and that N&K Trust is the owner of the 5516 Property in fee simple absolute, free and clear of any claims which Defendants may have to an ownership interest, lien interest, mortgage interest, or any other interest in the 5516 Property.

41.   Plaintiffs have no adequate remedy at law.

42.   No previous application for the relief requested herein has been made to this or any

5

FILED: KINGS COUNTY CLERK 10/04/2021 01:41 PM
NYSCEF DOC. NO. 1

INDEX NO. 525127/2021

RECEIVED NYSCEF: 10/04/2021

other court.

## SECOND CAUSE OF ACTION
### (QUIET TITLE as against ABCNK1234 LLC)

43.     Plaintiffs repeat and reallege each of the allegations set forth in each preceding paragraph, as if fully set forth herein.

44.     This cause of action is brought pursuant to Article 15 of the Real Property Actions and Proceeding Law.

45.     No defendant is unknown, and no defendant is or might be an infant, mentally retarded, mentally ill or an alcohol abuser.

46.     The judgment will not affect a person or persons not in being or ascertained at the commencement of the action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved.

47.     Every person in being who would have been entitled to such estate or interest if such event had happened immediately before the commencement of the action is named as a party hereto.

48.     ABCNK has claimed an estate, interest and/or right to the 174 Property by the 174 Fraudulent Deed.

49.     ABCNK claims an estate or interest in the 174 Property adverse to that of K&K Trust, by the Trustees.

50.     ABCNK claims to be the owner of the 174 Property pursuant to the 174 Fraudulent Deed.

51.     The K&K Trust maintains ownership interest by fee simple absolute in the 174 Property.

52.     By reason of the foregoing, Plaintiffs are entitled to judgment that ABCNK is

6

Case 1:22-cv-07131-LTS   Document 1   Filed 08/01/22   Page 34 of 41

barred from any estate or interest in the 174 Property which ABCNK ever had, claimed or may claim in the 174 Property or in any party thereof, and any and all liens and encumbrances which ever existed, were claims or may be claimed in favor of ABCNK, including the estates and interests claimed or which may be claimed by ABCNK by virtue of the 174 Fraudulent Deed, are void ab initio, and invalid as against the interest of K&K Trust, by the Trustees, which it now owns and holds in the 174 Property.

53.     Unless a declaratory judgment is rendered by the Court determining the respective rights and interests of the parties, Plaintiffs and the K&K Trust will be adversely affected, and K&K Trust shall continue to suffer damages as a result.

54.     By reason of the foregoing, Plaintiffs request and are entitled to a declaratory judgment that ABCNK has no right, title, claim, lien, mortgage or interest in the 174 Property whatsoever, at law or at equity, and that the K&K Trust is the owner of the 174 Property in fee simple absolute, free and clear of any claims which Defendants may have to an ownership interest, lien interest, mortgage interest, or any other interest in the 174 Property.

55.     Plaintiffs have no adequate remedy at law.

56.     No previous application for the relief requested herein has been made to this or any other court.

### THIRD CAUSE OF ACTION
### (FRAUD as against AHRON BERLIN and NATHAN KAUFMAN)

57.     Plaintiffs repeat and reallege each of the allegations set forth in each preceding paragraph, as if fully set forth herein.

58.     Berlin has represented that he is a trustee of the Trusts when he executed the Fraudulent Deeds.

59.     Berlin was never a trustee of the Trusts.

7

60.     Berlin knew that stating he is a trustee of the Trusts was false and such statement was made with the intent that others would rely upon such misrepresentations.

61.     Berlin and Nathan Kaufman have represented to tenants at the 5516 and 174 Property that ABCK and ABCNK respectively are the owners of such properties.

62.     Berlin and Kaufman knew when making such statements that they were false.

63.     Berlin and Kaufman made these statements to be relied upon and they were relied upon.

64.     By reason of the foregoing, Berlin and Kaufman have damaged Plaintiffs in an amount believed to exceed $10,000,000.00, the full amount of which will be established at trial.

### FOURTH CAUSE OF ACTION
### (CONVERSION as against ALL DEFENDANTS)

65.     Plaintiffs repeat and reallege each of the allegations set forth in each preceding paragraph, as if fully set forth herein.

66.     Defendants diverted the 5516 Property, which is owned by N&K Trust and the 174 Property, which is owned by K&K Trust.

67.     Defendants diverted rents due to the Trusts to themselves.

68.     Each of the above actions were done intentionally by Defendants.

69.     Defendants are still in possession of the 5516 Property and 174 Property and rents collected from tenants at these properties.

70.     Defendants have refused Plaintiffs' demands to return the 5516 Property to N&K Trust and the 174 Property to K&K Trust.

71.     By reason of the foregoing, Berlin and Kaufman have damaged Plaintiffs in an amount believed to exceed $10,000,000.00, the full amount of which will be established at trial.

8

## FIFTH CAUSE OF ACTION
### (UNJUST ENRICHMENT as against ALL DEFENDANTS)

72.     Plaintiffs repeat and reiterate each and every allegation set forth in each preceding paragraph, as if fully set forth herein.

73.     Defendants have transferred the 5516 Property and the 174 Property to themselves without paying any consideration.

74.     Defendants' actions resulted in Defendants being unjustly enriched.

75.     Defendants should not be rewarded for fraudulently transferring the 5516 Property and the 174 Property to themselves.

76.     By reason of the foregoing, Defendants damaged Plaintiffs in an amount believed to exceed $10,000,000.00, the full amount of which will be established at trial.

## SIXTH CAUSE OF ACTION
### (INJUCTION as against ALL DEFENDANTS)

77.     Plaintiffs repeat and reallege each of the allegations set forth in each preceding paragraph, as if fully set forth herein.

78.     Plaintiffs continue to suffer damage by Defendants who continue to collect rents and interfere with the management of the 5516 Property and the 174 Property to the detriment of the Trusts.

79.     Berlin and Nathan Kaufman have been contacting tenants of the 5516 Property and 174 Property requesting that they forward all rents and other communications directly to Defendants.

80.     Plaintiffs are unable to collect rents from the tenants of the 5516 Property and the 174 Property due to Defendants actions.

81.     Due to Defendants' actions, Plaintiffs are unable to manage the 5516 Property and

9

Case 1:22-cv-07131-LTS    Document 1    Filed 08/01/22    Page 37 of 41

the 174 Property, including, but not limited to, pay for maintenance and upkeep and paying the mortgage on the 174 Property.

82.    Due to Defendants' actions, Plaintiffs are unable to refinance the mortgage on the 174 Property in order to prevent the 174 Property from being foreclosed upon.

83.    Defendants continue to take actions which harm Plaintiffs.

84.    Defendants' actions have caused and will continue to cause irreparable harm to Plaintiffs.

85.    A balance of the equities favors Plaintiffs.

86.    Plaintiffs lack an adequate remedy at law, but must seek an order from this Court, enjoining Defendants and their agents and all other persons acting on their behalf from collecting any rents from the tenants of the 5516 Property and the 174 Property; from transferring or encumbering the 5516 Property and the 174 Property; and from interfering with the management and operations of the 5516 Property and the 174 Property.

## CLAIM FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that judgment be granted as follows:

a)  On its First Causes of Action;

    a.  a declaratory judgment that: N&K Trust is the owner of the 5516 Property in fee simple absolute free and clear of any claims or encumbrances of ABCK; that ABCK and all persons and entities claiming under ABCK be forever barred from all claims to an estate or interest in the 5516 Property;

    b.  that it be adjudged and finally determined that the N&K Trust is the lawful owner and are vested with an absolute title in fee simple absolute to the 5516 Property and that the sole and complete possession of the 5516 Property be

10

awarded to the N&K Trust and that N&K Trust remain in possession thereof; and that ABCK and anyone claiming any title or interest through, after or under them, be permanently barred and enjoined from in any way, directly or indirectly, disturbing or interfering with the Plaintiffs' quiet enjoyment of the 5516 Property; and

    c.   a judgment declaring the 5516 Fraudulent Deed from N&K Trust to ABCK be void *ab initio* and vacated from the County Clerk's records.

b)  On its Second Causes of Action;

    a.   a declaratory judgment that: K&K Trust is the owner of the 174 Property in fee simple absolute free and clear of any claims or encumbrances of ABCNK; that ABCNK and all persons and entities claiming under ABCNK be forever barred from all claims to an estate or interest in the 174 Property;

    b.   that it be adjudged and finally determined that the K&K Trust is the lawful owner and are vested with an absolute title in fee simple absolute to the 174 Property and that the sole and complete possession of the 174 Property be awarded to the K&K Trust and that K&K Trust remain in possession thereof; and that ABCNK and anyone claiming any title or interest through, after or under them, be permanently barred and enjoined from in any way, directly or indirectly, disturbing or interfering with the Plaintiffs' quiet enjoyment of the 174 Property; and

    c.   a judgment declaring the 174 Fraudulent Deed from K&K Trust to ABCNK be void *ab initio* and vacated from the County Clerk's records;

c)    On its Third Cause of Action, in the amount to be determined at trial including punitive

11

damages and attorneys' fees;

d)     On its Fourth Cause of Action, in the amount to be determined at trial including punitive damages and attorneys' fees;

e)     On its Fifth Cause of Action, that the Plaintiffs recover its costs, disbursements, and allowances against any Defendants answering in this action;

f)     On its Sixth Cause of Action, for an injunction enjoining and restraining Defendants and their agents and all other persons acting on their behalf from:

      a.   Collecting rents from the tenants of the 5516 Property and the 174 Property;

      b.   Transferring or encumbering the 5516 Property and the 174 Property;

      c.   Interfering with management and operations of the 5516 Property and the 174 Property; and

g)     for such other and further relief in favor of Plaintiffs as this court deems just and proper.

Dated: Valley Stream, New York
October 4, 2021

          ROSENBERG & STEINMETZ PC
          *Attorneys for Plaintiffs*

          By: _____
             Rachelle Rosenberg
             Efraim S. Lipschutz
             181 S. Franklin Ave, Suite 604
             Valley Stream, New York 11581
             (212) 743-9904

12

FILED: KINGS COUNTY CLERK 10/04/2021 01:41 PM INDEX NO. 525127/2021

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 10/04/2021

## VERIFICATION

STATE OF NEW YORK    )
                     )ss:
COUNTY OF KINGS      )

Joel Kohn, affirms, deposes and says:

I have read the annexed Verified Complaint and the contents thereof and I know the same to be true, of my own knowledge, except as to matters therein stated on information and belief and, as to the latter, I believe them to be true.

Joel Kohn

Affirmed to before me this
3    day of October 2021

Notary Public

SOLOMON ITZKOWITZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01IT4795441
Qualified in Kings County
Commission Expires July 30, 2022

13

FILED: KINGS COUNTY CLERK 10/04/2021 01:41 PM          INDEX NO. 525127/2021

NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 10/04/2021

## VERIFICATION

STATE OF NEW YORK    )
                     )ss:
COUNTY OF KINGS      )

Yisocher Kaufman, affirms, deposes and says:

I have read the annexed Verified Complaint and the contents thereof and I know the same

to be true, of my own knowledge, except as to matters therein stated on information and belief and,

as to the latter, I believe them to be true.

_____
Yisocher Kaufman

Affirmed to before me this
___ 4 day of October 2021

_____
        Notary Public

Israel Kohn
Notary Public, State of New York
NO. 01KL6032365
Qualified in Kings County
Commission Expires Oct. 25, 20__

**14**