UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOEL KOHN AND YISOCHER KOHN, as co-trustees for N&K Trust and the K&K Trust,

Plaintiffs,

-against-

AHRON BERLIN; NATHAN KAUFMAN; ABCK REALTY MANAGEMENT LLC; ABCNK1234 LLC,

Defendants.

22-CV-7131 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant Ahron Berlin ("Berlin") filed a notice of removal in the United States District Court for the Eastern District of New York, removing an action from the New York Supreme Court, Kings County. By text order issued on August 17, 2022, the Eastern District of New York transferred the matter here. For the reasons set forth in this order, the Court refers this action to the United States Bankruptcy Court for the Southern District of New York.

**BACKGROUND AND DISCUSSION**

The parties in this matter are litigating the issue of rightful ownership of two properties located in Brooklyn, New York.[1] In October 2021, Joel Kohn and Yisocher Kohn, as co-trustees for the N&K Trust and the K&K Trust ("Plaintiffs"), filed through counsel an action in New York Supreme Court, Kings County, against Berlin, Nathan Kaufman, ABCK Realty Management LLC, and ABCNK1234 LLC, seeking to quiet title and asserting claims of fraud and conversion. *Kohn v. Berlin*, Ind. No. 525127/2021 (Sup. Ct. Kings Cnty).

---

[1] *See also Berlin v. Kohn*, ECF 7:22-CV-5331, 1 (NSR) (S.D.N.Y. filed June 24, 2022) (asserting claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, a pending *pro se* complaint in which the same properties are at issue).

Berlin, who was represented by counsel in the state court action, filed this *pro se* notice of removal in the United States District Court for the Eastern District of New York. *See Kohn v. Berlin*, No. 22-CV-4509 (E.D.N.Y. filed Aug. 1, 2022). Berlin alleges that removal is proper because: (1) co-defendant Nathan Kaufman has a related bankruptcy matter pending before Judge Cecelia G. Morris in the United States Bankruptcy Court for the Southern District of New York, *In re Nathan Kaufman*, No. 22-BR-22490 (CGM) (Bankr. S.D.N.Y. filed July 27, 2022); and (2) Plaintiffs had engaged in conduct that violated the RICO statute, giving rise to federal question jurisdiction.[2] (ECF 1 ¶¶ 3-7.)

By letter-motion, Plaintiffs asked the Eastern District to either: (1) stay the matter pending the outcome of the bankruptcy case,[3] or (2) remand the matter to state court.[4] Instead, on August 17, 2022, the Eastern District issued a text order transferring the matter to this court. No. 22-CV-4509, 4 (E.D.N.Y.)

> I hereby sua sponte transfer this action to the Southern District of New York where defendant Nathan Kaufman's bankruptcy proceeding is pending. See <u>In re Nathan Kaufman</u>, No. 22-BR-22490 (CGM). Presumably, the Southern District will, upon receiving this action, transfer this action to the Bankruptcy Court and assign this case to Judge Morris, who is presiding over Kaufman's bankruptcy proceeding and who previously presided over a related bankruptcy case brought by ABCK Realty Management, LLC. See <u>In re ABCK Realty Management, LLC</u>, 22-BR-35063 (CGM). In transferring this action, I have made no rulings on any other issues in this case, including: (1) whether the Notice of Removal should even be accepted for filing given that it was filed pro se by defendant Ahron

---

[2] "Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.§ 1441(a).

[3] On August 23, 2022, Plaintiffs moved in the bankruptcy case "for Abstention and to Remand State Court Quiet Title Action." No. 22-22490, 4 (Bankr. S.D.N.Y.).

[4] Plaintiffs alleged that removal to the Eastern District was improper because: (1) the bankruptcy matter is pending in another district; and (2) the notice of removal did not suggest that there was any basis for subject matter jurisdiction. No. 22-CV-4509, 4.

> Berlin, a party who is currently represented by counsel; (2) whether this case was properly removed to federal court; and (3) even if removal was proper, whether a discretionary remand back to state court under 28 U.S.C. § 1452(b) is appropriate. Accordingly, the Clerk of Court is directed to transfer this case to the Southern District of New York.

*Id.* (E.D.N.Y. Aug. 17, 2022).

Notwithstanding the unresolved issues raised in the transfer order, and taking no position on them, the Court concludes that this action should be referred to the Bankruptcy Court under the general order of reference, in light of the pending motion for abstention and remand.

## CONCLUSION

The Clerk of Court is directed pursuant to this Court's standing order of reference and 28 U.S.C. section 157(a) to refer this action to the United States Bankruptcy Court for the Southern District of New York and close this action on the records of this Court. *See* In the Matter of: Standing Order of Reference Re: Title 11, Amended Standing Order of Reference, M10-468, ECF 1:12-MC-00032, 1 (S.D.N.Y. May 26, 2010).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED

Dated:  August 25, 2022
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge